[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] RULING ON MOTION FOR PROTECTIVE ORDERS RE: SUBPOENAS DUCES TECUM ISSUED BY WYATT
Motiva Enterprises, LLC, Shell Oil Co., Shell Oil Products Co. LLC and Equiva Trading Co. seek an order protecting them from subpoenas duces tecum issued by Wyatt Energy, Inc.
The subpoenas seek, or rather sought, the appearance of each of the movant corporations at Courtroom 3C on September 23, 2002, the date originally set for a hearing on applications for prejudgment remedies. That hearing was rescheduled to begin on October 16, 2002.
The subpoenas do not require the attendance of any identified person, nor do they require the attendance of any designated keeper of records, rather, they request the presence at the hearin go of the movant corporations. Each subpoena requests each corporation to produce ten categories of documents which "refer or relate" to diverse subjects. No document is identified by date or title; rather, Wyatt seeks to have the parties on whom the subpoenas were served locate and produce documents which contain particular information. The listing of documents attached to the subpoenas is virtually identical to the documents Wyatt requested in its Fourth Request for Production of Documents. The movants objected to those requests, and this court ruled on the objections on October 2, 2002.
The movants take the position that discovery is not, in general, available in aid of prejudgment remedy hearings. The court finds that there is no convincing authority for this position. This court has, however, ruled that the parties are bound by an arbitration agreement that limits their resort to discovery to the scope of that discovery provided by the arbitrator.
This court found that Wyatt's statutory claims are not subject to the duty to arbitrate, and Wyatt asserts that the documents sought are in aid of those claims. CT Page 13033
The court finds that although discovery is available with regard to the nonarbitrable claims, Wyatt may not use subpoenas to file what is actually a repetition of their fourth request for production of documents and seek to enforce such requests as part of a hearing on prejudgment remedies. The movants filed objections to those requests and the court ruled on each objection on October 2, 2002. The Practice Book provides an orderly method for seeking documentary discovery, and that method is set forth at sections 13-9-10. That procedure provides for the filing of objections, consultation to resolve objections, and claiming objections for adjudication. By attaching general discovery requests to a subpoena, Wyatt seeks to avoid this procedure. Wyatt apparently also seeks to avoid this court's orders sustaining objections in part or in full to four of the ten production requests.
While a party may certainly employ a subpoena duces tecum to obtain the production in court of a specific document in the possession of the subpoenaed person, Wyatt's subpoenas instead constitute an attempt to avoid the orderly process of discovery and to relitigate the scope of documentary discovery. Under these circumstances, this court finds that a protective order is warranted.
The court will not allow any hearing to become an in-court discovery proceeding. Discovery is to be completed before a hearing or trial, and a party that finds that it has not completed enough discovery to be prepared to proceed may seek a continuance but may not proceed in a manner that avoids the applicable procedures for discovering documents.
Conclusion
The court hereby grants only the following relief: the movants shall not be required to provide at the time of their appearance at the hearing the documents described in the subpoenas directed to them and dated August 30, 2002. The court does not preclude Wyatt from issuing subpoenas that identify by date or title particular documents in the possession of those entities to which the subpoenas are directed.
___________________ Beverly J. Hodgson Date Judge of the Superior Court CT Page 13034